IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARONE JORDAN,<br><br>    PLAINTIFF,<br>v.<br><br>OXFORD REHABILITATION<br>AND HEALTHCARE CENTER,<br><br>    DEFENDANT. | Civil Action No.: _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff Tarone Jordan, by and through his undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

**PRELIMINARY STATEMENT**

1. This is an action for an award of damages, punitive damages, and other relief on behalf of Plaintiff Tarone Jordan (hereinafter "Mr. Jordan" or "Plaintiff"), a former employee of Oxford Rehabilitation and Healthcare Center (hereinafter "Oxford" or "Defendant"). Mr. Jordan has been harmed by Defendant's harassment and discrimination on the basis of his race and by Defendant's retaliation against him for complaining about harassment and discrimination, culminating in his wrongful termination on July 11, 2024.

2. This action is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C § 2000(e) et seq. ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA") and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims alleged herein pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On January 29, 2025, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On December 10, 2025, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With respect to the PHRA claims herein, it has been greater than one year since Mr. Jordan dual-filed his Charge of Discrimination as a Complaint with the PHRC.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this judicial district, Plaintiff

performed his work for Defendant in this judicial district, Plaintiff was terminated in this judicial district, and the claims arose in this judicial district.

## PARTIES

9. Plaintiff Tarone Jordan is an adult African American male citizen and resident of Philadelphia, Pennsylvania and the United States of America.

10. Defendant Oxford is a corporation with a location at 300 E. Winchester Ave., Langhorne, Pennsylvania 19047, where Plaintiff was employed.

11. At all relevant times, Defendant Oxford is and has been an employer employing more than one hundred (100) employees.

12. At all relevant times, employees of Defendant Oxford acted as agents and servants for Defendant Oxford.

13. At all relevant times, employees of Defendant Oxford were acting within the scope of their authority and in the course of employment under the direct control of Defendant Oxford.

14. At all times material hereto, Defendant Oxford acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant Oxford and in furtherance of Defendant Oxford's business.

15. This cause of action arose out of transactions or occurrences that took place in whole or in part in Bucks County, Pennsylvania.

16. Defendant conducts substantial business within Bucks County, Pennsylvania.

17. This Honorable Court has personal jurisdiction over the Defendant.

## FACTS

18. On or about March 8, 2023, Mr. Jordan began his employment with Oxford as a part-time cook.

19. Throughout his employment with Oxford, Mr. Jordan, who has over thirty years of experience as a cook, consistently performed his duties in a satisfactory and competent manner.

20. Indeed, within a few months of starting as a part-time cook with Oxford, Mr. Jordan was placed into a full-time, lead cook position in approximately June of 2023.

21. Despite his loyalty and consistent performance, Mr. Jordan observed that the company engaged in a pattern and practice of discrimination against African American males, such as himself.

22. Mr. Jordan was subjected to discrimination and harassment on the basis of his race and, after he complained about discrimination and harassment, to retaliation, culminating in his wrongful termination as a result of discrimination and retaliation on or about July 11, 2024.

23. Beginning in or about January 2024, shortly after the hire of Natasha Soto, a Caucasian female, as the Food Service Director, Mr. Jordan was subjected to bullying, differential treatment, and harassment on the basis of his race on a near daily basis.

24. Specifically, Ms. Soto; Kelly Grimaldi, Administrator and a Caucasian female; and Maleena Williams, Assistant to Ms. Soto and a non-African American female, created a hostile work environment that favored non-African Americans over African Americans like Mr. Jordan.

25. Ms. Soto frequently criticized Mr. Jordan via text and in person, would hold him accountable for errors in the kitchen while glossing over similar errors committed by non-

      African American employees, and disciplined him for certain actions while permitting non-African Americans to engage in those same actions without consequence.

26. For example, on one occasion, Ms. Soto issued Mr. Jordan a write up for sending trays up late and criticized him publicly in a group text, despite the fact that it had been Ms. Soto who had failed to schedule sufficient employees to support Mr. Jordan, as she had only scheduled two new hires.

27. Ms. Soto also showed favoritism towards Helen Cosby, Breakfast Cook and a non-African American female.

28. Ms. Cosby frequently directed expletives and used profane language to address other employees such as Mr. Jordan.

29. Despite Ms. Cosby's egregious treatment of Mr. Jordan, Ms. Soto continued to favor Ms. Cosby and did not discipline her for her behavior or actions or ask her to stop harassing Mr. Jordan.

30. On occasions when Ms. Soto would be disciplined by upper management, Ms. Soto would redirect the blame to Mr. Jordan even when he was not involved.

31. Ms. Soto also made false accusations against Mr. Jordan.

32. On one occasion, Ms. Soto issued a write up to Mr. Jordan, claiming that he had disrespected her in a text conversation.

33. However, Ms. Soto failed to provide evidence of Mr. Jordan's alleged disrespect.

34. The treatment to which Mr. Jordan was subjected created a hostile work environment that caused him severe emotional and physical distress.

35. Indeed, Mr. Jordan developed anxiety and health problems as a result of the discriminatory and harassing treatment he was forced to endure.

36. Mr. Jordan attempted to raise his concerns about the differential, discriminatory, and harassing treatment to Ms. Soto, Ms. Grimaldi, and Ms. Williams.

37. However, his complaints were rebuffed and ignored.

38. As such, on or about April 17, 2024, Mr. Jordan complained to Oxford's corporate office about the racial discrimination and harassment.

39. Mr. Jordan explained the differential treatment to which he was being subjected, as detailed above, by Ms. Soto and Ms. Williams, as well as the refusal to take corrective action.

40. Mr. Jordan also complained about the behavior of Marisa Licciardi, night server and a non-African American female, who would intimidate the staff at Oxford, including Mr. Jordan.

41. Similar to Ms. Cosby, Ms. Soto refused to address Ms. Licciardi's harassing behavior.

42. However, Corporate never responded to Mr. Jordan's email, and to Mr. Jordan's knowledge, did not address his complaint.

43. As such, the harassment and discrimination on the basis of his race continued without abatement.

44. Due to the lack of response from Corporate and the continued discrimination and harassment he was experiencing, on or about June 14, 2024, Mr. Jordan complained again to Corporate.

45. Mr. Jordan complained that Ms. Soto and Ms. Williams were subjecting him to increased nitpicking and scrutiny and treating him with disdain.

46. Mr. Jordan also informed Corporate that Ms. Soto and Ms. Williams were attempting to make his work more difficult, such as through changing his working hours, which had been in place since he began his employment at Oxford. Mr. Jordan further relayed that he had complained to Ms. Grimaldi about the discrimination and harassment on multiple occasions

over the course of the past six months and that Ms. Grimaldi had not addressed his complaints.

47. Mr. Jordan reiterated that the hostile work environment was causing him to experience increased anxiety and health issues.

48. Less than two months after Mr. Jordan's last complaint of discrimination and harassment, Mr. Jordan was terminated allegedly for sexual harassment.

49. However, it is clear that Oxford's proffered reason for Mr. Jordan's termination is mere pretext for discrimination and retaliation for Mr. Jordan complaining about the racial discrimination and harassment to which he had been subjected.

50. Indeed, three of the four women who alleged that Mr. Jordan had sexually harassed them were Maleena Williams, Natasha Soto, and Marisa Licciardi – all individuals whom Mr. Jordan had complained had discriminated against and harassed him on the basis of his race.

51. Additionally, all three statements were typed and contained no signatures.

52. They were also provided to the supervisor/manager on or about the same day, despite the fact that one employee – Ms. Williams – alleged that the harassment began one year ago.

53. Given his treatment during his employment with Oxford, and the circumstances surrounding his termination, Mr. Jordan maintains that he was subjected to discrimination and harassment on the basis of his race, to retaliation for complaining about discrimination and harassment, and that his termination was a result of illegal discrimination and retaliation.

54. Mr. Jordan has suffered and continues to suffer mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

55. Defendant and its employees acted with the intent of causing, or in reckless disregard of the probability that their actions would cause, Mr. Jordan severe emotional distress.

56. Mr. Jordan has suffered financial and other losses including, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.

57. Plaintiff Tarone Jordan repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

58. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

59. In discriminating against and harassing Mr. Jordan because of his race, and in retaliating against Mr. Jordan for complaining about discrimination and harassment, Defendant violated Title VII.

60. Defendant's violations were intentional and willful.

61. Defendant's violations warrant the imposition of punitive damages.

62. As a direct result of the unlawful employment practices engaged in by Defendant, Plaintiff Tarone Jordan has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

63. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT II
## Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

64. Plaintiff Tarone Jordan repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

65. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

66. In discriminating against and harassing Mr. Jordan on the basis of his race, and in retaliating against Mr. Jordan for complaining about discrimination and harassment, Defendant violated the Pennsylvania Human Relations Act.

67. As a direct result of the unlawful employment practices engaged in by Defendant, Plaintiff Tarone Jordan has sustained loss of earnings, severe emotional and psychological distress, personal embarrassment, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

68. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT III
## Civil Rights Act of 1866, 42 U.S.C. § 1981

69. Plaintiff Tarone Jordan repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

70. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

71. In discriminating against and harassing Mr. Jordan on the basis of his race, and in retaliating against Mr. Jordan for his complaints about discrimination and harassment, Defendant violated Section 1981.

72. Defendant's violations were intentional and willful.

73. Defendant's violations warrant the imposition of punitive damages.

74. As a direct result of the unlawful employment practices engaged in by Defendant, Plaintiff Tarone Jordan has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

75. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## **PRAYER FOR RELIEF**

76. Plaintiff Tarone Jordan repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

WHEREFORE, Plaintiff Tarone Jordan respectfully requests that this Court enter judgment in his favor and against Defendant, and Order:

   a. Appropriate equitable relief;

   b. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment and retaliation;

   c. Defendant pay Plaintiff punitive damages;

    d.  Defendant pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

    e.  Defendant pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's reasonable attorneys' fees;

    f.  Plaintiff be granted any and all other remedies available pursuant to Title VII, the PHRA, Section 1981, and/or any other applicable law; and

    g.  Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable.

                                                                         */s/ Christopher A. Macey, Jr.*
                                                                         Christopher A. Macey, Jr., Esquire
                                                                         Bell & Bell LLP
                                                                         One Penn Center
                                                                         1617 JFK Blvd. – Suite 1254
                                                                         Philadelphia, PA  19103

                                                                         *Attorneys for Plaintiff Tarone Jordan*

Dated:  March 9, 2026